IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **VARIA HOLDINGS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**RESEARCH IN MOTION CORPORATION and RESEARCH IN MOTION LTD.,**<br><br>Defendants. | Civil Action No. _____<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Varia Holdings LLC ("Varia" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendants Research in Motion Corporation and Research in Motion, Ltd. (collectively "RIM" or "Defendants"), alleges the following.

## NATURE OF THE ACTION

1.  This action seeks monetary damages and injunctive relief under the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, to remedy RIM's infringement of United States Patent No. 7,167,731, entitled "Emoticon Input Method and Apparatus" ("the '731 Patent"), and the harm to Varia caused by RIM's infringement. The '731 Patent is now, and has been at all times since its date of issue, valid and enforceable.

## THE PARTIES

2.  Plaintiff Varia is a Delaware limited liability company having its principal place of business in New York, New York.

3. Upon information and belief, Defendant Research in Motion, Ltd. is a foreign company organized and existing under the laws of Ontario, Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario, N2L 3W8, Canada. Upon information and belief, Defendant Research in Motion, Ltd. makes, sells and/or offers for sale within the United States mobile communication devices, including but not limited to, mobile phones. Upon information and belief, Defendant Research in Motion, Ltd. is the parent corporation of Defendant Research in Motion Corporation.

4. Upon information and belief, Defendant Research in Motion Corporation is a Delaware Corporation with its principal place of business at 122 W. John Carpenter Parkway, Suite 430, Irving, Texas 75039. Upon information and belief, Defendant Research in Motion Corporation is a wholly-owned subsidiary of Defendant Research in Motion, Ltd. Upon information and belief, Defendant Research in Motion Corporation sells and/or offers to sell a variety of personal and business communications products, including mobile phones, to customers throughout North America.

## JURISDICTION AND VENUE

5. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* This Court has subject matter jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1338(a).

6. Defendants are subject to personal jurisdiction in the State of Delaware because they regularly transact business in this judicial district by, among other things, offering and/or selling their products and services to customers, business affiliates and partners located in this judicial district. In addition, the Defendants have committed acts of infringement of one or more

of the claims of the '731 patent in this judicial district. Additionally, Defendant Research in Motion Corporation is organized under the laws of Delaware.

7. Venue is properly within the district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

## BACKGROUND

8. Varia owns all of the rights and interest in the '731 Patent.

9. The '731 Patent was duly and legally issued by the United States Patent and Trademark Office on January 23, 2007, after full and fair examination. A copy of the '731 Patent is attached as Exhibit A.

10. The '731 Patent relates to what are commonly referred to as "emoticons" or "emoji." Often used while texting on mobile devices such as mobile phones, emoticons are pictorial representations of an expression or a person's mood. For example, emoticons can be created by combining two or more existing characters together which, when viewed with one's head tilted 90 degrees from left to right, resemble an emotion or expression. For example, combining ":" with ")" to create :), or a smiley face, conveys an expression of happiness.

11. These types of "text" emoticons are often automatically replaced with small corresponding images. For example, if a user types :), the characters might automatically be replaced with ☺. As explained by Professor S. Shyam Sundar, co-director of the Media Effects Research Laboratory at Pennsylvania State University, in a December 6, 2011 article in the New York Times, "Whimsical Texting Icons Get a Shot at Success," "[s]ince so many of our daily interactions are happening over mobile phones, it makes sense that people would crave new ways to convey meaning other than plain text . . . Text as a medium is particularly dull when it

comes to expressing emotions . . . emoji . . . play the role that nonverbal communication, like hand gestures, does in conversation but on a cellphone."

12. The '731 patent covers a mobile communication device having an input key that, when pressed by the user while in text mode, results in the display of a list of emoticons for selection by the user. By displaying a list of emoticons, a more user friendly environment is created through which users may employ emoticons in their communications.

13. RIM makes, uses, sells, offers to sell and imports into the United States, directly and indirectly, including within the District of Delaware, numerous mobile communication devices that practice the invention of the '731 Patent. For example, and without limitation, RIM currently manufactures and sells the following mobile communication devices that practice the '731 Patent invention: BlackBerry Bold, BlackBerry Curve, BlackBerry Pearl, and BlackBerry Storm.

14. With reference to the BlackBerry Curve, when the user presses the smiley key while in text mode, a list of emoticons for selection by the user is displayed on the screen as shown in the photo below.



15. In addition, this smiley key functionality is built into RIM's BlackBerry Messenger software, which, upon information and belief, is included with all the latest BlackBerry mobile communication devices. When a user presses the smiley button while using BlackBerry Messenger, a list of emoticons for selection by the user is displayed on the screen as shown in the screen capture from RIM's website below.



16. Upon information and belief, RIM sells the infringing mobile communication devices, directly or indirectly, to customers in the United States, including to third party wireless carriers such as AT&T, Verizon, Sprint and T-Mobile, and to retailers such as Best Buy and Amazon. Upon information and belief, RIM sells the devices to these customers with the knowledge and intent that they will re-sell the devices to end-users in the United States. Upon information, RIM targets the United States market with respect to the infringing devices. Upon information and belief, RIM knows or has reason to know that there is a significant market in the United States for mobile communication devices such as the infringing devices, and that its customers of infringing devices exploit that market. In addition, RIM advertises its infringing devices in the United States market, and displays the infringing devices at trade shows in the United States.

17. Upon information and belief, RIM was aware of the '731 Patent prior to the filing of this Complaint. RIM is a prolific patent filer that actively protects its intellectual property rights. According to a search of PTO records, Research in Motion, Ltd. owned more than 2000 U.S. patents issued between January 23, 2007 (*i.e.*, the issue date of the '731 Patent) and January 31, 2012. Of these patents, 64 of them are in the exact same U.S. class and subclass (455/566 – Telecommunications: Having Display) as the '731 Patent.

<u>CAUSE OF ACTION FOR INFRINGEMENT OF U.S. PAT. NO. 7,167,731</u>

18. Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

19. Defendants manufacture, use, sell, offer to sell and/or import into the United States for subsequent use and sale, products that directly infringe one or more claims of the '731 Patent, including without limitation the mobile communication devices identified in paragraph 18 above, as well as any other mobile devices acting or capable of acting in the manner described and claimed in the '731 Patent.

20. Defendants also indirectly infringe one or more claims of the '731 Patent by, without limitation, selling infringing mobile communication devices to third party wireless carriers such as AT&T, Verizon, Sprint and T-Mobile and to retailers such as Best Buy and Amazon with the requisite knowledge and intent that they will sell those devices to end-users in the United States in direct infringement of the '731 Patent.

21. Defendants have been infringing and continue to infringe one or more of the claims of the '731 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

22. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

a) enter judgment that Defendants infringe and have infringed the '731 Patent;

b) declare that Defendants' infringement of the '731 Patent has been willful;

c) enter a preliminary and permanent injunction enjoining Defendants and their officers, directors, principals, agents, servants, employees, successors, and assigns, and all persons and entities in active concert or participation with them, from infringing, and from contributing to and inducing the infringement of, the claims of the '731 Patent;

d) enter judgment awarding Plaintiff damages from Defendants adequate to compensate for Defendants' infringement, including interest and costs;

e) enter judgment awarding Plaintiff treble damages based on Defendants' willful infringement of the '731 Patent;

f) declare this case to be exceptional and enter judgment awarding Plaintiff enhanced damages under 35 U.S.C. § 284 and its reasonable attorney fees and costs under 35 U.S.C. § 285; and

g) award Plaintiff such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all issues so triable in accordance with Fed. R. Civ. P. 38.

|  |  |
|---|---|
| | /s/ C. Malcolm Cochran IV |
| OF COUNSEL: | C. Malcolm Cochran IV (#2377) |
| | Anne Shea Gaza (#4093) |
| Chad Johnson | Jason J. Rawnsley (#5379) |
| Joshua L. Raskin | RICHARDS, LAYTON & FINGER, P.A. |
| BERNSTEIN LITOWITZ BERGER & | 920 North King Street |
|    GROSSMANN LLP | Wilmington, Delaware 19801 |
| 1285 Avenue of the Americas, 38th Floor | (302) 651-7700 |
| New York, NY 10019 | cochran@rlf.com |
| (212) 554-1400 | gaza@rlf.com |
| | rawnsley@rlf.com |
| Dated: March 15, 2012 | *Attorneys for Plaintiff Varia Holdings LLC* |