IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VARIA HOLDINGS LLC, | § § § | |
| Plaintiff | § § | |
| vs. | § § | Civil Action No. 12-320-SLR-MPT |
| RESEARCH IN MOTION CORP. and RESEARCH IN MOTION LTD., | § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

### DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendants Research In Motion Corporation ("RIM Corp.") and Research In Motion Limited ("RIM Ltd.") (collectively, "RIM") respond to Plaintiff Varia Holdings LLC's ("Varia") Complaint for Patent Infringement and Demand for Jury Trial as follows:

### NATURE OF THE ACTION

1.  RIM admits that Varia's Complaint was brought under the Patent Act of the United States, 35 U.S.C. § 1 *et seq.*, and that the face of United States Patent No. 7,167,731 ("the '731 Patent") includes the title "Emoticon Input Method and Apparatus." RIM denies all of the other allegations of paragraph 1.

### THE PARTIES

2.  RIM is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 2 of the Complaint and, on that basis, denies those allegations.

3.  RIM admits that RIM Ltd. is a foreign company organized and existing under the laws of Ontario, Canada, with its principal place of business at 295 Phillip Street, Waterloo, Ontario, N2L 3W8, Canada. RIM also admits that RIM Ltd. makes, sells, and offers for sale

within the United States mobile communication devices, including but not limited to, mobile phones. RIM also admits that RIM Ltd. is the parent corporation of RIM Corp.

4. RIM admits that RIM Corp. is a Delaware corporation with its principal place of business at 5000 Riverside Drive, Suite 100E, Irving, Texas 75039. RIM also admits that RIM Corp. is a wholly-owned subsidiary of RIM Ltd. RIM also admits that RIM Corp. sells and offers to sell a variety of personal and business communications products, including mobile phones, to customers throughout North America.

## JURISDICTION AND VENUE

5. RIM admits that Varia purports to state a claim for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. RIM denies that any of its actions give rise to a cause of action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. RIM admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). RIM otherwise denies the allegations set forth in Paragraph 5 of the Complaint.

6. RIM admits that it regularly transacts business in this judicial district by, among other things, offering and/or selling their products and services to customers, business affiliates and partners located in this judicial district. RIM further admits that RIM Corp. is organized under the laws of Delaware. RIM otherwise denies the allegations set forth in Paragraph 6 of the Complaint.

7. RIM admits that venue in this action would lie in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). However, RIM does not admit that this Court is the most appropriate or convenient forum to exercise jurisdiction over this action, and RIM reserves the right to move the Court to transfer this action to a more appropriate and convenient forum. RIM otherwise denies the allegations set forth in Paragraph 7 of the Complaint.

## BACKGROUND

8. RIM is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 8 of the Complaint and, on that basis, denies those allegations.

9. RIM admits that the face of the '731 Patent purports to indicate an issue date of January 23, 2007. RIM otherwise denies the allegations set forth in Paragraph 9 of the Complaint.

10. RIM admits that the '731 Patent refers to "emoticons." 4:13-15. RIM otherwise denies the allegations set forth in Paragraph 10 of the Complaint.

11. RIM is without sufficient knowledge or information to admit or deny the allegations concerning the referenced New York Times Article and, on that basis, denies that allegation. RIM also denies the remaining allegations set forth in Paragraph 11 of the Complaint.

12. RIM denies the allegations set forth in Paragraph 12 of the Complaint.

13. RIM admits that RIM currently manufactures and sells the BlackBerry Bold, BlackBerry Curve, BlackBerry Pearl, and BlackBerry Storm. RIM denies the remaining allegations set forth in Paragraph 13 of the Complaint.

14. RIM denies the allegations set forth in Paragraph 14 of the Complaint.

15. RIM denies the allegations set forth in Paragraph 15 of the Complaint.

16. RIM denies the allegations set forth in Paragraph 16 of the Complaint.

17. RIM admits that it owns patents, some of which are in the U.S. class and subclass 455/566-Telecommunications: Having Display. RIM denies the remaining allegations set forth in Paragraph 17 of the Complaint.

## CAUSE OF ACTION FOR INFRINGEMENT OF U.S. PAT. NO. 7,167,731

18. RIM incorporates by reference each of its answers to Paragraphs 1 through 17 above as if fully set forth herein.

19. RIM denies the allegations set forth in Paragraph 19 of the Complaint.

20. RIM denies the allegations set forth in Paragraph 20 of the Complaint.

21. RIM denies the allegations set forth in Paragraph 21 of the Complaint.

22. RIM denies the allegations set forth in Paragraph 22 of the Complaint.

## GENERAL DENIAL

23. Except as specifically admitted, RIM denies each and every allegation contained in paragraphs 1-22 of Varia's Complaint, and RIM denies that Varia is entitled to any relief, including that requested in its Prayer for Relief.

## AFFIRMATIVE DEFENSES

For its additional defenses to the Complaint, RIM alleges as follows:

24. RIM incorporates by reference each of its answers to Paragraphs 1 through 23 above as if fully set forth herein and asserts the affirmative defenses listed below, without conceding that any of the following necessarily must be pled as an affirmative defense or that RIM necessarily bears the burden of persuasion for any of the following.

## FIRST DEFENSE
## (FAILURE TO STATE SUFFICIENT FACTS TO CONSTITUTE CLAIMS)

25. Varia fails to state a claim on which relief may be granted.

## SECOND DEFENSE
## (NON-INFRINGEMENT)

26. RIM has not infringed any valid claim of the '731 patent ("the Patent-in-Suit"), literally or under the doctrine of equivalents, nor has RIM contributed to or induced infringement

by any third parties of any valid claim of the Patent-in-Suit. RIM does not infringe, and has not infringed, under any theory.

### THIRD DEFENSE
### (NO WILLFUL INFRINGEMENT)

27. RIM does not willfully infringe and has not willfully infringed, either directly, jointly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the patent-in-suit.

### FOURTH DEFENSE
### (INVALIDITY)

28. The claims of the patent-in-suit are invalid for failure to comply with the requirements of Title 35, United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FIFTH DEFENSE
### (PROSECUTION HISTORY ESTOPPEL AND/OR DISCLAIMER)

29. Varia's claims are barred in whole or in part based on prosecution history estoppel and/or prosecution history disclaimer.

### SIXTH DEFENSE
### (LACHES, WAIVER, ESTOPPEL, AND/OR ACQUIESCENCE)

30. Varia's infringement claims against RIM regarding the Patent-in-Suit are barred and the patent is unenforceable against RIM under the doctrine of laches, waiver, estoppel, and/or acquiescence.

### SEVENTH DEFENSE
### (NO IMMEDIATE OR IRREPARABLE HARM)

31. Varia is not entitled to injunctive relief, at least because any injury to Varia is not immediate or irreparable, and Varia has an adequate remedy at law.

## EIGHTH DEFENSE
## (INNOCENT INTENT)

32. RIM has engaged in all relevant activities in good faith, thereby precluding Varia, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## NINTH DEFENSE
## (MARKING)

33. Varia is prohibited from recovering damages for activities alleged to have occurred before Varia or any of its predecessors-in-interest complied with 35 U.S.C. § 287.

## TENTH DEFENSE
## (NO DISCLAIMER OF INVALID CLAIMS)

34. Under 35 U.S.C. § 288, Varia's request for relief is barred or otherwise limited for failure to disclaim any invalid claim(s) before commencing this action.

## ELEVENTH DEFENSE
## (LICENSE, EXHAUSTION, AND/OR IMPLIED LICENSE)

35. Varia's request for relief is barred or otherwise limited by the doctrines of license, exhaustion, and/or implied license.

## TWELFTH DEFENSE
## (LACK OF KNOWLEDGE)

36. To the extent that Varia asserts that RIM indirectly infringes, either by contributory infringement or inducement of infringement, RIM is not liable to Varia for the acts alleged to have been performed before RIM knew that its actions would cause indirect infringement.

## THIRTEENTH DEFENSE
## (28 U.S.C. § 1498)

37. At least a portion of Varia's claims for damages from RIM for alleged infringement are barred from recovery in this Court pursuant to 28 U.S.C. § 1498.

## FOURTEENTH DEFENSE
## (LACK OF STANDING)

38. On information and belief, Varia's claims for relief are barred due to lack of standing.

## FIFTEENTH DEFENSE
## (ACTIONS OF OTHERS)

39. The claims made in the Complaint are barred, in whole or in part, because RIM is not liable for the acts of others over whom they have no control.

## SIXTEENTH DEFENSE
## (NO CAUSATION)

40. Varia's claims against RIM are barred because Varia's damages, if any, were not caused by RIM.

RIM reserves the right to add additional defenses, including allegations of inequitable conduct, consistent with facts discovered in the case, if such defenses are discovered during the course of this litigation.

## RIM'S COUNTERCLAIMS

For its counterclaims against Varia, RIM alleges as follows:

41. RIM incorporates by reference each of its answers to Paragraphs 1 through 40 above as if fully set forth herein and asserts the Counterclaims listed below.

## NATURE OF THE LAWSUIT

42. These Counterclaims are for declarations of patent non-infringement and/or patent invalidity arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 *et seq.*, and the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

## THE PARTIES

43. Counterclaim-Plaintiff RIM Corp. is a Delaware corporation, with its principal place of business at 5000 Riverside Drive, Suite 100E, Irving, Texas 75039.

44. Counterclaim-Plaintiff RIM Ltd. is a Canadian corporation with its principal place of business at 295 Phillips Street, Waterloo, Ontario, Canada, N2L 3W8.

45. RIM is informed and believes that Plaintiff and Counterclaim-Defendant Varia is a Delaware limited liability company with its principal place of business in New York, New York.

## FACTS COMMON TO ALL COUNTS

46. Counterclaim-Defendant Varia has brought suit against Counterclaim-Plaintiff RIM alleging infringement of U.S. Patent No. 7,167,731 ("the '731 Patent").

47. Upon information and belief, Counterclaim-Defendant Varia is a patent holding company and does not manufacture any product that practices the patent-in-suit.

48. Upon information and belief, Counterclaim-Defendant Varia did not itself invent the subject matter claimed in the patent-in-suit.

**JURISDICTION AND VENUE**

49.     This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, and 1367.

50.     Venue lies in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).  Nevertheless, RIM maintains that litigation of this action would be more convenient and appropriate in another forum, and RIM reserves the right to move the Court to transfer this case to another forum.

51.     By virtue of the Complaint filed by Varia in this action, an actual and justiciable controversy exists between RIM and Varia concerning non-infringement and invalidity with respect to the Patent-in-Suit.  A judicial declaration is necessary and appropriate to resolve this controversy.

**COUNT I**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**

52.     RIM restates and incorporates by reference each of the allegations of paragraphs 41-51 of its Counterclaim.

53.     Plaintiff Varia claims to be the owner of the Patent-in-Suit, including the right to enforce the Patent-in-Suit.

54.     Varia has asserted that RIM is infringing the Patent-in-Suit, and Varia has identified at least one RIM product that allegedly infringes the Patent-in-Suit.

55.     RIM has not in the past, and does not now make, use, sell, offer to sell, or import any products that infringe any valid claim of the Patent-in-Suit, either directly or indirectly; and RIM does not and has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the Patent-in-Suit either directly or under the doctrine of equivalents.

56. RIM seeks and is entitled to a declaration that neither the products identified by Varia nor any other RIM product directly infringes any claim of the Patent-in-Suit, and that RIM has not induced infringement of, and has not contributed to, the infringement of any claim of the Patent-in-Suit.

57. This case qualifies as an exceptional case under 35 U.S.C. § 285.

## COUNT II
## (DECLARATORY JUDGMENT OF INVALIDITY)

58. RIM restates and incorporates by reference each of the allegations of paragraphs 41-57 of its Counterclaim.

59. RIM seeks and is entitled to a declaration that one or more claims of the '731 patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR JURY TRIAL

60. RIM requests a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered and counterclaimed, RIM respectfully prays that this Court:

A. Dismiss Varia's Complaint with prejudice and order that Varia take nothing from RIM;

B. Enter judgment in RIM's favor on RIM's counterclaims;

C. Adjudge, declare, and decree that the claims of the Patent-in-Suit are not infringed by RIM;

D. Adjudge, declare, and decree that the claims of the Patent-in-Suit are invalid;

E. Award all costs of this case to RIM;

F.    Find this case exceptional and award reasonable attorneys' fees, costs, expenses, and prejudgment interest to RIM under 35 U.S.C. § 285 or otherwise; and

G.    Award to RIM any further general or special relief to which RIM is entitled and/or the Court deems just and equitable.

Dated:  June 18, 2012                         By:    */s/ Richard K. Herrmann*
        Richard K. Herrmann (I.D. #405)
        Mary B. Matterer (I.D. #2696)
        Kenneth L. Dorsney (I.D. #3726)
        MORRIS JAMES LLP
        500 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        (302) 888-6800
        rherrmann@morrisjames.com
        mmatterer@morrisjames.com
        kdorsney@morrisjames.com

        OF COUNSEL:

        Steven L. Park (GA Bar # 563227)
        stevenpark@paulhastings.com
        Robin L. McGrath (GA Bar # 493115
        robinmcgrath@paulhastings.com
        PAUL HASTINGS LLP
        600 Peachtree Street
        Atlanta, Georgia 30308
        Tel: (404) 815-2400
        Fax: (404) 815-2444

        ***Attorneys for Research In Motion Corporation***
        ***and Research In Motion Limited***