**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VARIA HOLDINGS LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C. A. No. 12-320-SLR/MPT |
| | : | |
| RESEARCH IN MOTION CORP. and RESEARCH IN MOTION LTD., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

At Wilmington this **18th** day of **July, 2012**.

IT IS ORDERED that a Rule 16 scheduling teleconference has been scheduled for **Wednesday, July 25, 2012 at 11:30 a.m. Eastern Time** with Magistrate Judge Thynge. **Plaintiff's counsel shall initiate the teleconference call to 302-573-6173.** Attached is a copy of the form of scheduling order to be used. Counsel shall confer prior to the scheduled teleconference and efile a proposed scheduling order on or before **Friday, July 20, 2012.**

Local counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

**DRAFT**

## SCHEDULING ORDER

At Wilmington this _____ day of __________ 20__, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties [have exchanged] [will exchange by **(date)**] the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery will be needed on the following subjects: (brief description of subjects on which fact discovery will be needed).

(c) All fact discovery shall be commenced in time to be completed by **(date)**.

(1) Maximum of ___ interrogatories by each party to any other party.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the

responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of ___ requests for admission by each party to any other party.

(4) Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **(date)**. In the absence of agreement among the parties or by order of the court, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI")" shall govern.

(5) Maximum of ___ fact depositions by plaintiff(s) and ___ by defendant(s). Each fact deposition [other than of ______ ] limited to a maximum of ___ hours unless extended by agreement of parties.

**[OR]**

Maximum of ___ hours for fact depositions.

(6) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(d) Expert discovery shall be commenced in time to be completed by **(date)**.

(1) Expert reports on issues for which the parties have the burden of proof due **(date)**. Rebuttal expert reports due **(date)**. Supplement reports (for, e.g., on secondary considerations of obviousness) due **(date)**.

(2) Expert depositions to be limited to a maximum of ___ hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before **(date)**.

(e) Supplementations under Rule 26(e) due **(date)**.

(f) **Discovery Disputes**.

(1) Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[1] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. After the parties have contacted chambers and have scheduled a telephone discovery conference, the moving party or parties should file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

Not less that forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed three (3) pages, in no less than 12 point font, outlining that

[1] To meet the import of that phrase, counsel are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

party's reason for its opposition. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Magistrate Judge within one (1) hour of e-filing the document(s). Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes or issues covered by the provisions contained in paragraph 3 of this Order, regarding protective orders, or motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions

to join other parties and amend the pleadings shall be filed on or before **(date)**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **[on an agreed upon date or thirty (30) days before the end of fact discovery].** This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted pursuant to paragraph 6 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Chart on **(date)**, with the claim chart separately docketed. The parties Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective

proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

Plaintiff shall serve and file its opening brief on claim construction on or before **(date)**. Defendant shall serve and file its answering claim construction brief on or before **(date)**. Plaintiff shall serve and file its reply brief on or before **(date)**. Defendant shall serve and file its surreply brief on or before **(date)**.

7. **Summary Judgment Motions** (**only in cases where a jury demand has been made**)

(a) All summary judgment motions shall be served and filed on or before **(date 1)**. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Opening briefs on infringement and invalidity shall be served and filed on or before **(date 1)**.

(c) Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **(date 2, add 14 days as per LR 7.1.2)**.

(d) Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

(e) Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

Any reference to exhibits in the briefs must refer to the specific pages of the exhibit

proffered in support of a party's argument. If the exhibit is a deposition, both the page and line numbers must be specified.[2]

(f) The hearing on the claim construction and motion(s) for summary judgment will be scheduled at a date convenient to the Court.

8. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

9. **Motions in Limine. No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** At a date and time convenient to the Court, the pretrial conference will be held in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** At a date and time convenient to the Court, a [day/week] [bench/jury trial] will be held in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

[2] For example, a reference to an exhibit that refers to the entire document will not be accepted and is not consistent with this provision.

______________________________________
UNITED STATES MAGISTRATE JUDGE