## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| VARIA HOLDINGS, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-320-SLR-MPT |
| | ) | |
| RESEARCH IN MOTION LIMITED and | ) | **JURY** |
| RESEARCH IN MOTION | ) | |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

### PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following Protective Order:

This Protective Order is issued to facilitate the disclosure and production of documents and things under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1.  Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

2.  The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage; and

3.  To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1. This Protective Order shall govern all documents and things (whether or not embodied in any physical medium) exchanged during this action, including but not limited to documents produced by the parties or non-parties, testimony taken at a hearing or other proceeding, and discovery, including but not limited to deposition testimony, interrogatory answers, and responses to requests for admission.

2. Documents, discovery responses, and things containing Confidential Information disclosed or produced by any party in this litigation are referred to as "Protected Information."

   Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and which are disclosed or produced to the attorney for the other parties to this litigation are Protected Information and are entitled to confidential treatment as described below. Documents and things may also be designated "HIGHLY CONFIDENTIAL – SOURCE CODE," subject to the provisions stated herein. Production or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

3. Protected Information shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, (c) any information which, at the time of disclosure to a receiving party, is lawfully in the public domain, (d) any information which, after disclosure to a receiving party, lawfully becomes part of the public domain as a result of publication not involving violation of this Order, (e) any information that a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party, and (f) any information that a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's Protected Information. By way of non-limiting example, Protected Information in one or more of the following categories may qualify for the "CONFIDENTIAL" designation: information that (i) has

2

not been made public; (ii) includes trade secret or other confidential research, development, commercial, or other information, whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which the disclosing party reasonably believes could cause harm to the business operations of the disclosing party or provide improper business or commercial advantage to others; and (iii) has not been marked or otherwise designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  By way of non-limiting example, Protected Information in one or more of the following categories may qualify for the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation:  (i)  non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology;  (ii) non-public damage-related information (e.g., the number of products sold, total dollar value of sales products, and profit margins);  (iii)  non public financial information;  (iv) customer lists;  (v)  business and/or marketing plans; (vi)  price lists and/or pricing information; (vii) information obtained from a non-party pursuant to a current nondisclosure Non-Disclosure Agreement ("NDA"); and (viii) any other materials that the designating party believes in good faith cannot be disclosed to a competitor without threat of competitive injury because such material contains trade secret or other proprietary or commercially sensitive information.

4.    In the event any party desires to change the designation of information that is produced from no designation to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," or from one such designation to another, such party may do so by notice in writing specifically identifying the information and furnishing a copy of such information with the new designation.   In such event, without waiving any right to challenge the redesignation in accordance with the provisions of the paragraph immediately below, the receiving party shall thereafter treat such information with the new designation pursuant to the Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

5.      At any time after the delivery of Protected Information, counsel for the party or parties receiving the Protected Information may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Information. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Information shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Information.  The parties will engage in a good faith effort to try to resolve the dispute on an informal basis.   If, after conferring, the parties cannot reach agreement concerning the matter within ten (10) business days after the delivery of the notice, then the party requesting the de-designation of particular items may file and serve a motion for a further order of this Court directing that the designation shall be so removed. On any such motion, the burden of proof shall lie with the producing party to establish that the information is, in fact, properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information and the receiving party shall establish that the information is an appropriate target of discovery.   No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

6.      This Order does not address discovery objections nor preclude either party from moving for any relief cognizable under the Federal Rules of Civil Procedure or this Court's inherent power.   Nothing in this Order creates a presumption or implies that information designated as Protected Information actually constitutes a trade secret, is proprietary, or is otherwise protectable information.  If a receiving party believes that any information is improperly designated under this Order, it may, at any time, contest such designation.  Protected Information that is subject to such a dispute shall, until further order of this Court, be treated consistently with the designation provided by the designating party.

7.      All Protected Information are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court as to whether all or a portion of a

Protected Document is entitled to confidential treatment.  Protected Information and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

8.      Subject to the limitations set forth in this Order, Protected Information and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

A.      Outside attorneys for the parties working on this case or other cases between the same parties or related entities, including support personnel, technical advisors, paralegals, consultants, legal secretaries, and legal clerks in connection with this case or cases between the same parties or related entities.

B.      Employees of such counsel (excluding experts and investigators) and outside vendors used to process documents assigned to and necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

C.      The Court;

D.      Experts or consultants that are disclosed and qualified pursuant to the terms of paragraph 37 below; and

E.      Five (5) in-house counsel for each party, and any employees actually assisting outside counsel or such in-house counsel in preparation of this case, provided that such persons sign the Agreement attached hereto as Exhibit A, including protected Information that has been designated "CONFIDENTIAL INFORMATION" and such copies as are reasonably necessary for maintaining, defending or evaluating this case or cases between the same parties or related entities.  Each party shall designate the employees who will receive Protected Information under this paragraph and must notify the designating party of the identity of each such employee at least five (5) calendar days before the disclosure of Protected Information to such employee.  At the same time, the designating party will also provide a duly executed copy of the Agreement attached as Exhibit A.  If, within the five (5) calendar day period, the designating party objects in good faith to the proposed disclosure to the designee and

5

brings a motion for protection, disclosure shall not be made until and unless this Court orders disclosure to that designee.  This Court shall deny objections to disclosure to a designee unless the designating party shows good cause why the proposed disclosure should not be permitted

Except that, Protected Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed to any person allowed access under paragraph 8E. Counsel for a party may give advice and opinions to his or her client regarding this litigation based on his or her evaluation of designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information received by the party — provided that such rendering of advice and opinions shall not reveal the content of such Protected Information and any information contained therein except by prior written agreement with counsel for the producing party.  To the extent that licensing material to be produced by a party includes confidential information of a third party and/or is subject to a protective order or a confidentiality provision, the producing party shall (a) produce such material subject to applicable confidentiality provisions; or (b) promptly seek permission to produce such material, if required by the terms of the applicable confidentiality provisions.

9.      Protected Information designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be provided with the following further protections:

    A.      HIGHLY CONFIDENTIAL – SOURCE CODE includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions (hereinafter referred to as "source code").  Text files containing source code shall hereinafter be referred to as "source code files." Source code files include, but are not limited to files containing text written in "C", "C++", assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages.  Source code files further include ".include files," "make" files, link files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP.

    B.      To the extent that any party wishes to obtain access to source code, the following procedures shall apply:

        i.      The producing party shall make all relevant and properly requested source code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer").  Should it be necessary,  the

Source Code Computer may be configured by the producing party to run other mutually agreed upon operating systems, such as Linux.

ii.    The producing party shall make the source code available electronically and in text searchable form only in a secure room at a secure facility selected by the producing party.

iii.    In order to verify that its source code has not later been altered, the producing party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

iv.    The receiving party may use appropriate tool software on the Source Code Computer, which shall be installed by the producing party, including text editors and multi-file text search tools such as "grep." The parties shall meet and confer to designate what shall constitute appropriate tool software. The receiving party shall provide a CD with software, including a fully paid license, for installation, by the receiving party. In no event shall the receiving party use any compilers, interpreters or simulators in connection with the producing party's source code, and the source code will not necessarily be provided in a format that is buildable and/or compileable.

v.    The Source Code Computer shall be made available from 9 am to 7 pm local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, after the parties have met and conferred to discuss the scope and timing of the access. After the first production has been made, access on weekends or after hours shall be permitted only on three days advanced written notice.

vi.    The source code is to be treated as HIGHLY CONFIDENTIAL—SOURCE CODE. In addition, the source code is to be treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY, and the receiving party may not disclose the source code or the content of the source code to anyone who has not undertaken to abide by the Protective Order. No employee including in-house counsel of the receiving party may access or obtain the source code. In no case shall any information designated as HIGHLY CONFIDENTIAL—SOURCE CODE by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

vii.    No more than five (5) individuals who qualify under the paragraph 8A or 8D, above, for the receiving party, may have access to the Source Code Computer. In addition, no more than ten (10) additional attorneys and/or experts who qualify under paragraph 8A or 8D, above, for the receiving party, may have access to printed copies of any portion of the producing party's source code. For each day that counsel for the receiving party requests a review of the Source Code Computer following initial production and a meet and confer, it must give at least one business day (and at least 48

hours) notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer.  The receiving party shall identify all individuals who will be given access to the source code at least fourteen days prior to any inspection, after which time the producing party may object to providing source code access to any persons so identified.  If an objection to an individual is made by the producing party, it will be the burden of the requesting party to prove that individual should be authorized to inspect the producing party's source code.

viii.  Proper identification of all authorized persons shall be provided prior to any access to the secure facility or the Source Code Computer.  Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States federal government, or by the nation state of the authorized person's current citizenship.  Access to the secure facility or the Source Code Computer may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification.

ix.  The Source Code Computer shall be equipped with a printer to print copies of the source code on watermarked pre-Bates numbered paper, which shall be provided by the producing party.  Counsel for the producing party will maintain a complete log of Bates-numbered pages printed and will keep the originals of these printed documents.  Copies shall be made for counsel for the receiving party on watermarked paper either at the time they are requested (if less than hundred (100) pages) or within 48 hours (if more than hundred (100) pages).  Counsel for the receiving party may request up to three (3) copies of printed source code, with requests for any additional copies being at the discretion of the producing party.  No more than 10% or five hundred (500) pages of the total source code for any software release may be in printed form at any one time, and all printed source code shall be logged by the receiving party as noted in paragraph 9B(xii) below.  Additionally, the receiving party shall not print any continuous block of source code that results in more than ten (10) printed pages.  If necessary, the receiving party may request to print additional pages in excess of the five hundred (500) pages of total source code for a software release, or continuous blocks that exceed ten (10) pages, which request the producing party shall not unreasonably deny.  In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, printed copies of the source code maintained by the receiving party must be kept in a locked storage container when not in use.  No electronic copies of the source code shall be provided by the producing party beyond the Source Code Computer.

x.  Other than in connection with pleadings filed under seal and depositions designated HIGHLY CONFIDENTIAL – SOURCE CODE, no subsequent copies shall be made of the printed copies provided by the producing party to the requesting party.  Hard copies of the source code also may not be

converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. For copies made in connection with pleadings filed under seal or depositions designated HIGHLY CONFIDENTIAL – SOURCE CODE, the requesting party shall maintain a complete log of Bates numbered pages printed, and shall produce such a log at the time its first expert reports are delivered. For security purposes, this log must be produced to the producing party regardless of any other stipulation limiting expert discovery. Further the log will be supplemented with each new expert report and ten (10) days after trial.

xi.   No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware shall be permitted in the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), BlackBerrys®, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. No portions of the source code may be downloaded.

xii.   The receiving party's counsel shall keep a log that records the identity of each individual to whom each hard copy of the source code is provided and when it was provided to that person, and within thirty days after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must serve upon the producing party the log and, at the producing party's option, either serve upon the producing party, or certify the destruction of, all paper copies of the producing party's source code as well as documents, pleadings, reports, and notes reflecting or referring to such source code. In addition, all persons to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

xiii.   Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-styled case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, or litigation.

xiv.   The outside counsel or outside consultants of a receiving party may take notes during any source code inspection but may not copy portions of the source code into such notes. Any such notes must be marked on each page with "HIGHLY CONFIDENTIAL - SOURCE CODE."

11.     The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

12.     For documents and things, designation of Protected Information status shall be made prior to or at the time of production.  For documents, designation of Protected Information status shall be made by placing the notion "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" on each page of the document.  For tangible items, designation of Protected Information status shall be made by placing the notion "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" either on the item itself or on the container thereof; if neither is practicable, the parties shall agree on an alternative method of designation.

13.     For declarations, written discovery responses, and pleadings, designation of Protected Information status shall be made at the time of service or filing, whichever occurs first. For declarations, written discovery responses, court filings, and pleadings, designation of Protected Information status shall be made by placing the notion "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE" on the face of the document.

14.     Computer source code may be so designated by affixing the legend "HIGHLY CONFIDENTIAL – SOURCE CODE" on the media itself.

15.     To the extent that Protected Information or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Information or information contained therein.  Any deposition transcript, in whole or in part, may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by an appropriate statement at the time such testimony is given or thereafter by notifying the other

10

parties in writing of the portions of such testimony to be so designated within twenty (20) days from the date of the deposition.  Upon such request, the reporter shall mark the original and all copies of the transcript as designated.  Unless the parties otherwise agree, the entire transcript of all depositions shall be deemed designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY for twenty (20) days from the date of the deposition.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Each page of the designated testimony and any exhibit on which a witness gives testimony designated as Protected Information shall be treated in accordance with the terms of this Order.

16.    Subject to the requirement that the person(s) receiving the Protected Information duly execute the Agreement attached as Exhibit A, and except as otherwise approved by the designating party or by an order of this Court, a party may use Protected Information in deposing only:  (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the designating party; (b) an individual identified in the Protected Information as an author, addressee, or carbon copy recipient of such information; (c) an individual who although not identified as an author, addressee, or carbon copy recipient of such Protected Information, has, in the ordinary course of business, seen such Protected Information, or (d) an outside consultant.  No one may attend or review the transcripts or the portions of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Protective Order.

17.    All "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information not reduced to documentary, tangible, or physical form of which cannot be conveniently designated as described in paragraphs nine (9) – fifteen (15), shall be designated by informing the receiving party of the designation in writing.

18.    Except as otherwise expressly addressed herein, to the extent that the receiving party subsequently generates copies of Protected Information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations.  When documents are produced in electronic form, the producing party shall include

the confidentiality designation on the medium containing the documents.  In the event that the receiving party prints documents from such medium, the receiving party shall mark each such page of the documents with the appropriate designation.

19.     Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Confidential Information designated as such under this Order shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.  Subject to the requirement that the person(s) receiving the Protected Information duly execute the Agreement attached as Exhibit A, disclosure of Protected Information may be made to court reporters, independent shorthand reporters, videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case or cases between the same parties or related entities.  The executed Agreement shall be retained by outside counsel for the receiving party making such disclosures.

20.     Subject to the requirement that the person(s) receiving the Protected Information duly execute the Agreement attached as Exhibit A, disclosure of Protected Information may be made to employees of outside vendors providing copy services, document and exhibit preparation services, and jury consultant and research services, including mock jurors, or other counsel retained by the client or by counsel who have not entered an appearance in the lawsuit in connection with this case and cases between the same parties or related entities.  The executed Agreement shall be retained by outside counsel for the receiving party making such disclosures.

21.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" or which contain information so designated shall be filed under seal.

22.     If any entity subpoenas or orders production of Protected Information from a receiving party that a receiving party has obtained subject to this Order, such party shall promptly notify the designating party of the pendency of the subpoena or order and shall not

produce the information until the designating party shall have reasonable time (which shall be not less than ten (10) calendar days) to object or take other appropriate steps to protect the information.

23.     Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s)  that can be located through a reasonable good-faith search. Notwithstanding the foregoing, the Party in receipt of such inadvertently produced documents may retain electronic copies created pursuant to standard archival and back-up procedures.  The producing party shall have to opportunity to reproduce or designate the returned documents with any of the aforementioned CONFIDENTIAL designations.  The receipt of documents or information will not operate as an admission by the receiving party that any particular "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" contains or reflects trade secrets or any other type of confidential or proprietary information.   Nothing herein shall prevent the receiving party from challenging the propriety of the designation of the documents by submitting a written challenge to the Court.

24.     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, within ten (10) calendar days after the discovery of inadvertent production or disclosure, the producing party notifies in writing any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party, provided that the inadvertently produced or disclosed information shall be documented in a privilege log and the notice shall contain the information found on the privilege log.  Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such

13

inadvertently produced document(s) that can be located through a reasonable good-faith search.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.  The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.

25.   For the mutual convenience of the parties, Defendants may generate certain financial summaries for the purpose of the above-captioned case.  To the extent Defendants produce such financial summaries in a native format (e.g., a Word, Excel, or other native file), or to the extent Plaintiff puts any such financial summary or the information from any such financial summary into a document in a native format, Plaintiff shall password protect that document on an encrypted media.  All such financial summaries are to be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  To the extent that any such financial summaries are transmitted from or to authorized recipients outside of the receiving party's counsel's office, the transmission shall be by hand (and encrypted if in electronic format), or by a secure transport carrier (e.g., Federal Express).

26.   Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure.

27.   The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Information or any information contained therein.

28.   After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the

parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

29.  Upon termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Information shall, within sixty (60) calendar days, destroy or return the Protected Information to the counsel for the party or parties disclosing or producing the Protected Information. The party or parties receiving the Protected Information shall keep their attorney work product which refers or relates to any Protected Information.  Counsel for any party or non-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the designating party within ninety (90) calendar days after the conclusion of the above-captioned case or cases between the same parties or related entities, except that the receiving party or non-party shall not be required to search archival backups. Notwithstanding the foregoing, the Party in receipt of such Protected Information may retain electronic copies created pursuant to standard archival and back-up procedures, except that all Parties will ensure no archival copies of Source Code will be made.

30.  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

31.  Protected Information designated under the terms of this Protective Order shall be used by a receiving party solely for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

32.  This protective order shall afford all third parties who produce any Protected Documents the same protections afforded to the parties to this action.  Specifically, third parties shall be entitled to mark any documents CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE and shall also be able to designate any deposition testimony CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE.

15

The parties to this action will treat such marked information per the terms of the protective order.  To the extent applicable, the remaining provisions of this protective order shall apply to third parties, including the designation HIGHLY CONFIDENTIAL – SOURCE CODE.

33.   Information originating with a third party and in the custody or control of a party to this action that the party reasonably and in good faith believes is subject to a confidentiality obligation may designate the information as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE and the Protected Information shall be subject to the restrictions on disclosure specified in this Order.  The foregoing notwithstanding, if a party has a good faith belief that the production of the information is objectionable on the grounds that the requested information is subject to a third-party confidentiality obligation, the producing party shall confer with the non-party to resolve the confidentiality issue.  If this issue cannot be resolved then the producing party shall (1) immediately notify the receiving party; (2) identify the non-party; (3) provide the receiving party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation.  All parties shall attempt to resolve all disputes promptly, informally, and in good faith.  If the parties are unable to resolve the matter, the prospective "receiving party" may seek relief from the Court.  In any such dispute, the producing party shall have the burden of showing good cause as to why disclosure is not warranted.  No disclosure is required until the objection is resolved.

34.   In no case shall any Protected Information produced by a Defendant be provided to any other Defendant or Defendant's counsel by any party or counsel absent explicit agreement from the Defendant designating the information.

35.   In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

16

36.     All notices required by this Protective Order are to be served via facsimile or email to the outside counsel of record for each of the Defendants and Plaintiff named in the above captioned case.

37.     Before counsel for a party receiving Protected Information may disclose any such material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE to a proposed expert or consultant:

      (i)      Counsel shall provide a copy of this Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A;

      (ii)      At least ten (10) business days before the first such disclosure, counsel for the receiving party shall notify the producing party in writing of the intent to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE discovery material to such person. The notice shall include a copy of the agreement signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the receiving party.  If the person is a consultant or testimonial expert, the notice shall also include a copy of such person's most recent curriculum vitae, which shall include: (a) such person's education; (b) an identification of all such person's past and present employment; (c) an identification of all such person's past and present consulting relationships; (d) a list of any previous or current relationships (personal or professional) with any of the parties; and (e) a list of all other cases in which the outside consultant has testified (at trial or deposition), and (f) a list of all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four years – such a listing, as appropriate, may itself be designated as Protected Information.  The disclosure requirement of a consultant or testimonial expert shall apply to all professionals working at the direction of counsel, including consultant and testifying experts and their employees who provide technical, engineering, accounting or financial support services ("staff").  If the producing party objects to the disclosure of CONFIDENTIAL,  HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE material to such person, the

17

producing party shall notify counsel for the receiving party in writing of the producing party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made.  Any objection must be made for good cause, stating with particularity the reasons for the objection.  Should the receiving party disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  If the informal efforts do not resolve the dispute within five (5) business days, the receiving party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. The producing party shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s).  Pending a ruling by the Court upon any such objection(s) or resolution of any such objection by the parties informally, the discovery material shall not be disclosed to the person objected to by the producing party; and

(iii)   Prior to disclosing any Protected Information to any outside consultant, outside counsel for the receiving party shall determine that disclosure of particular Protected Information to an outside consultant is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

38.   Should the parties have any issues concerning the interpretation of this Order, before any party moves for this Court's assistance, they shall first endeavor to promptly meet and confer to resolve the dispute.  The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

39.   This Order may be modified by this Court for good cause shown or by mutual written agreement between the parties and this Court's approval of such agreement.  The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case or cases between the same parties or Related Entities as to any party.

40.   The Order shall not aggregate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to actually be "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." This Order shall be without prejudice to the right of any party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case or cases between the same parties or related entities shall not be offered in any action proceeding before any court, agency or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

41.   The parties agree that the privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each party's counsel in this action from March 15, 2012.  Attorney-client communications or attorney work product that a party may later rely on to support an advice-of-counsel defense to a claim of willful infringement must be included in the privilege log.

42.   Any party is free to use its own materials produced in this litigation for any purpose, and no use by the producing party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

19

_/s/ Jason J. Rawnsley_      _/s/ Mary B. Matterer_

| | |
|---|---|
| C. Malcolm Cochran IV (#2377) | Richard K. Herrmann (#405) |
| Anne Shea Gaza (#4093) | Mary B. Matterer (#2696) |
| Jason J. Rawnsley (#5379) | Kenneth L. Dorsney (#3726) |
| RICHARDS, LAYTON & FINGER, P.A. | MORRIS JAMES LLP |
| One Rodney Square | 500 Delaware Avenue, Suite 1500 |
| 920 North King Street | Wilmington, DE 19801 |
| Wilmington, Delaware 19801 | (302) 888-6800 |
| (302) 651-7700 | rherrmann@morrisjames.com |
| cochran@rlf.com | mmatterer@morrisjames.com |
| gaza@rlf.com | kdorsney@morrisjames.com |
| rawnsley@rlf.com | |

                *Attorneys for Research In Motion Corporation*

*Attorneys for Plaintiff Varia Holdings LLC*  *and Research In Motion Limited*


Dated: October 10, 2012




**SO ORDERED** this _____ day of _____, 2012.




        _____
        Mary Pat Thynge
        United States Magistrate Judge

**EXHIBIT A**

---

|                                                    |     |                                     |
|----------------------------------------------------|-----|-------------------------------------|
|                                                    | )   |                                     |
| VARIA HOLDINGS , LLC                               | )   |                                     |
|                    Plaintiff,                      | )   |                                     |
|                                                    | )   |                                     |
| v.                                                 | )   | Civil Action No. 12-320-SLR-MPT     |
|                                                    | )   |                                     |
| RESEARCH IN MOTION LIMITED and                     | )   | **JURY**                            |
| RESEARCH IN MOTION                                 | )   |                                     |
| CORPORATION                                        | )   |                                     |
|                                                    | )   |                                     |
|                    Defendants.                     | )   |                                     |
|                                                    | )   |                                     |

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I am about to receive Protected Information as defined in the Protective Order agreed to by the parties and so ordered by the Court in this case.

I certify my understanding that the Protected Information are being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Protected Information and my copies or notes relating thereto may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I will return on request all materials containing Protected Information, copies thereof, and notes that I have prepared relating thereto, to outside counsel for the party by whom or on whose behalf I am retained.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed
Name:_____

Company Name/Address/Phone:

_____

_____

_____

_____